UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:12-cr-00022-JAW-02 |
| ) | |
| CHARLES BERNARD ) | |

**AMENDED[1] ORDER ON DEFENDANT'S MOTION
FOR TEMPORARY RELEASE**

The Court rejects the Defendant's motion for temporary release from mandatory detention under 18 U.SC. § 3145(c) because the Defendant has failed to demonstrate "exceptional reasons" allowing his release.

**I.   STATEMENT OF FACTS**

Charles Bernard was indicted by a federal grand jury on February 16, 2012 for knowingly and intentionally importing oxycodone, a Schedule II substance, into the United States from Canada. *Indictment* (ECF No. 1). Shawn Bernard, his son, was a codefendant. *Id.* On August 14, 2012, Charles Bernard pleaded guilty to a violation of 21 U.S.C. § 952(a) and, as the offense is a violation of the Controlled Substances Act and carries a potential prison term of ten or more years, 21 U.S.C. § 960(b)(3), Mr. Bernard was mandatorily detained pursuant to the provisions of 18 U.S.C. § 841(a)(1). The Probation Office prepared a Presentence Investigation Report (PSR), which was revised on November 14, 2012, and on November 30, 2012, the Court held a conference of counsel. At the conference, defense counsel

---

[1] This Amended Order corrects two typographical errors contained on pages 4 and 6 of the Order dated January 9, 2013 (ECF No. 75). On page 4, last line of the first paragraph, it currently reads "… judicial beneficence. PSR ¶" and should read "…judicial beneficence. PSR ¶ 5." On page 6, first line of the first paragraph currently reads "Third, according to Mr. Bernard" and should read "Third, although, according to Mr. Bernard".

suggested that she might seek a geriatric psychological consultation to provide the Court with information about Mr. Bernard's level of functioning that might prove helpful for sentencing purposes. At the conference, the Court scheduled another conference for January 16, 2013 to allow the defense to obtain such a consultation, if desired. *Notice of Hr'g* (ECF No. 68).

On January 8, 2013, Mr. Bernard moved for temporary release from incarceration to allow him to attend a psychiatric evaluation at Acadia Hospital by Dr. Clifford Singer, Chief of Geriatric Mental Health and Neuropsychiatry at Acadia Hospital, in Bangor, Maine on January 11, 2012. *Mot. for Temp. Release* (ECF No. 73). Mr. Bernard explains that Dr. Singer is "a very busy man" and "is an expert in a field particularly relevant to Mr. Bernard's situation, namely, whether factors involving elder abuse, depression, or age-related reduction in mental functioning may help to explain his involvement in transporting a friend of his son's in what turned out to be a failed attempt to purchase a controlled substance." *Id.* at 2. He notes that the "actual session for the evaluation has been delayed a number of times due to Dr. Singer's schedule and the additional time he would need to take to travel the three hours its takes to drive from Bangor to Madison and back." *Id.* at 3. He says that the "Marshal's Service has indicated that it cannot transport Mr. Bernard to Bangor solely for purposes of the evaluation, although it would try to accommodate the parties if other inmates were already being transported on a certain date for court purposes" and [n]o such transport is foreseen within the next three weeks." *Id.* Mr. Bernard contends that these circumstances provide

2

"exceptional reasons" under 18 U.S.C. § 3145(c) which justify his limited release. *Id.*

On January 9, 2013, the Government responded, arguing that Mr. Bernard's proposed release did not meet the "exceptional circumstances" requirement of the statute. *Gov't's Resp. to Def.'s Mot. for Temp. Release* (ECF No. 74) (*Gov't's Opp'n*). The Government concedes that Mr. Bernard "does not present a risk of flight or a danger to the community." *Id.* at 2. At the same time, the Government "believes that, short of temporary release, the examination could be rescheduled at the jail at a time that is convenient for the doctor, or at the federal courthouse the next time the U.S. Marshal's Service transports prisoners from Somerset County Jail to court." *Id*. The Government also notes that there is "no particular reason why it is necessary that the examination be conducted this Friday, rather than at some later date." *Id.*

## II.   DISCUSSION

Section 3145(c) provides:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). Consistent with the law in other circuits, the First Circuit has assumed that § 3145(c) authorizes a district court to release an incarcerated defendant awaiting sentence, if that defendant demonstrates exceptional circumstances for release. *United States v. Kenney*, No. CR-07-66-B-W, 2009 U.S.

Dist. LEXIS 121233, *3 (D. Me. Dec. 30, 2009) (citing *United States v. Weiner*, No. 92-1708, 1992 U.S. App. LEXIS 28794, *1 (1st Cir. Jul. 31, 1992)).

To qualify for release, a defendant must first meet the "conditions set forth in § 3143(a)(1) or (b)(1)." 18 U.S.C. § 3145(c). Each provision mandates that the defendant demonstrate "that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1), (b)(1). Here, the Government agrees that Mr. Bernard meets those criteria. *Def.'s Opp'n* at 2. The Court agrees but not does conclude that this justifies his release from mandatory detention. The PSR revealed that Mr. Bernard was generally compliant with his bail conditions, but such compliance is not exceptional. *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (compliance with terms of pretrial release is not exceptional). Mr. Bernard has almost no criminal history, barring two misdemeanor convictions in the 1960s, and he is a criminal history category I. *Id.* ¶¶ 23-24. Again, however, a defendant with a significant criminal history who was subject to mandatory detention for the commission of a new crime would be an unsuitable candidate for presentence release. *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) (lack of criminal record is not unusual). One way of thinking about compliance with the terms of pretrial release and a lack of significant criminal history is that they make out a necessary but not sufficient showing for release under § 3145(c). Moreover, in Mr. Bernard's case, the PSR reveals that he had smuggled drugs across the Canadian-United States border about fifty times before he was caught, hardly a candidate for judicial beneficence. PSR ¶ 5.

4

Even if Mr. Bernard satisfies § 3143(a)(1) or (b)(1), he must still clearly show that there are "exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3143(c). "Exceptional" is defined as 'being out of the ordinary: uncommon, rare.'" *United States v. Wages*, 271 Fed. Appx. 726, 727 (10th Cir. 2008) (quoting WEBSTER'S THIRD INT'L DICTIONARY (unabridged) 791 (G. & C. Merriam Co. 1976). Generally, absent unusual circumstances, a defendant's medical needs, such as a need for surgery, does not constitute an exceptional circumstance under § 3145(c). *Wages*, 271 Fed. App'x at 728; *United States v. Wyman*, No. 3:11-cr-22, 2011 U.S. Dist. LEXIS 115308, *9 (E.D. Tenn. Oct. 5, 2011).

The Court is not convinced based on the facts Mr. Bernard has presented that he has met the exceptional reasons requirement of § 3145(c). First, Mr. Bernard has created his own emergency. He states in his motion that "Dr. Singer has indicated that he has Friday mornings generally available, as long [as] the evaluation occurs before noon." *Def.'s Mot.* at 3. As the Court reads Mr. Bernard's motion, this means virtually any Friday morning. But, without explanation as to why he must be seen this week, Mr. Bernard moved on Tuesday for release on Friday. Mr. Bernard cannot create his own exigency.

Second, although Dr. Singer has had difficulty carving out the time for travel to and from the Somerset County Jail, a time commitment of perhaps two and one-half hours, there is no suggestion that the United States Marshal's Office would not be able to transport Mr. Bernard along with other prisoners to the federal

5

courthouse in Bangor for such an evaluation, thereby eliminating the need for Dr. Singer to travel.

Third, although, according to Mr. Bernard, Dr. Singer would prefer to see Mr. Bernard at Acadia Hospital, the evaluation can be performed in a secured facility. *Id.*

Fourth, Mr. Bernard has decided for his own reasons not to request a presentence psychological examination under 18 U.S.C. § 3552, which would place the examination under the Court's authority and would present a different issue.

In all, it strikes the Court that Mr. Bernard wants the examination but he wants it on his own terms: at a time and place of his choosing with a doctor of his choice under his own conditions. This is fine. But not exceptional. The Court urges counsel to talk to each other and to the Marshal's Service and see if they are able to arrive at a solution short of release, a solution that accommodates Dr. Singer and the Marshal's Service. If it turns out that the parties are truly unable to bring the defendant to the doctor, the Court may ultimately conclude that his release for the examination must be granted. But not on this record.

### III. CONCLUSION

The Court DENIES the Defendant's Motion for Temporary Release (ECF No. 73).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2013